United States District Court
Southern District of Texas

**ENTERED**

April 25, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TINA TIENTCHEU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-0908 |
| | § | |
| CHEDRAUI USA, INC. d/b/a | § | |
| FIESTA MART LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Tina Tientcheu ("Plaintiff") brought this action against
Chedraui USA, Inc. d/b/a Fiesta Mart LLC ("Defendant").[1]  Plaintiff
alleges that she slipped and fell on a clear liquid in Defendant's
store.[2]  Pending before the court is Defendant's Motion for Summary
Judgment ("Defendant's MSJ") (Docket Entry No. 9).  For the reasons
stated below, Defendant's MSJ will be granted, and this action will
be dismissed with prejudice.

### I.  Background

On February 7, 2023, Plaintiff filed this action against
Defendant in the 164th District Court of Harris County, Texas.[3]

---

[1]Plaintiff's Original Petition, Jury Demand, Request for
Disclosure, and Rule 193.7 Notice ("Complaint"), Exhibit B
to Notice of Removal, Docket Entry No. 1-2, p. 2.  For purposes of
identification all page numbers reference the pagination imprinted
at the top of the page by the court's Electronic Case Filing
("ECF") system.

[2]Id. at 3 ¶ 7.

[3]Id. at 2.

The Complaint alleges that on July 3, 2022, "Plaintiff was at Defendant's market shopping and purchasing groceries. The floor inside the market was wet. As Plaintiff was passing by the cashier area, she slipped on a clear liquid and fell, violently falling on the floor fracturing he left hand/pinky, and suffering abrasions to her left arm."[4]  The Complaint alleges that "Plaintiff noticed the water had several grocery cart tracks through it.  The water appeared to have been there for a while."[5]  The Complaint alleges a single premises liability claim against Defendant.[6]

Defendant removed the action to this court on March 10, 2023.[7] Defendant's MSJ was filed on March 19, 2024, Plaintiff responded, and Defendant replied.[8]  Defendant argues that Plaintiff's claim fails as a matter of law because there is no evidence that Defendant had actual or constructive knowledge of the liquid on the floor of the store.[9]

---

[4]Id. at 3 ¶ 7.

[5]Id. at 4 ¶ 8.

[6]Id. at 4-5 ¶¶ 10-11.

[7]Notice of Removal, Docket Entry No. 1.

[8]Defendant's MSJ, Docket Entry No. 9; Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 12; Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Reply"), Docket Entry No. 13.

[9]Defendant's MSJ, Docket Entry No. 9, pp. 1-2 ¶ 2.

## II. **Texas Premises Liability**

A grocery store patron is an invitee under Texas law. <u>Corbin v. Safeway Stores, Inc.</u>, 648 S.W.2d 292, 296 (Tex. 1983). To recover on a premises liability claim, an invitee must show:

> (1) <u>Actual or constructive knowledge</u> of a condition on the premises by the owner or occupier;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

<u>CMH Homes, Inc. v. Daenen</u>, 15 S.W.3d 97, 99 (Tex. 2000) (emphasis added). "Actual knowledge is what a person actually knows as distinguished from constructive or imputed knowledge; that is, what a person after a reasonable inspection ought to know or have reason to know." <u>Hall v. Sonic Drive-In of Angleton, Inc.</u>, 177 S.W.3d 636, 645 (Tex. App.—Houston [1st Dist.] 2005). To establish constructive knowledge, a plaintiff must show that the "dangerous condition existed for some length of time," <u>Wal-Mart Stores, Inc. v. Reece</u>, 81 S.W.3d 812, 815 (Tex. 2002), and that it was a "sufficient length of time that a reasonable owner/operator would have discovered the condition." <u>Richardson v. Wal-Mart Stores, Inc.</u>, 963 S.W.2d 162, 165 (Tex. App.—Texarkana 1998). "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally

-3-

insufficient to support a finding [of constructive knowledge.]" <u>Wal-Mart Stores, Inc. v. Gonzalez,</u> 968 S.W.2d 934, 936 (Tex. 1998).

### III. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett,</u> 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 2554.

### IV. **Analysis**

Defendant argues that there is no evidence that it had actual or constructive knowledge of the liquid on the floor of the store.[10] Plaintiff responds that "Defendant had actual and/or constructive knowledge of the dangerous condition as the liquid on the floor has

---

[10]<u>Id.</u>

cart tracks running through it[.]"[11]  Plaintiff testified in her deposition that the puddle "was like a trail. It was a lot sitting in one spot and a trail."[12]  Defendant responds that this evidence is not sufficient under Texas law to show the length of time that the liquid had been on the floor of the store.[13]

In <u>Gonzalez</u>, 968 S.W.2d at 936, the plaintiff slipped and fell on some macaroni salad in the defendant's store. There was testimony that the macaroni was "contaminated with 'a lot of dirt[,]'" and "that the macaroni had footprints and cart track marks in it[.]" <u>Id.</u> The defendant argued that this evidence was not sufficient "to show that the macaroni had been on the floor long enough to charge [the defendant] with constructive notice." <u>Id.</u> The Texas Supreme Court agreed, reasoning:

> Dirt in macaroni salad lying on a heavily-traveled aisle is no evidence of the length of time the macaroni had been on the floor. That evidence can no more support the inference that it accumulated dirt over a long period of time than it can support the opposite inference that the macaroni had just been dropped on the floor and was quickly contaminated by customers and carts traversing the aisle.

<u>Id.</u> at 937.

---

[11]Plaintiff's Response, Docket Entry No. 12, p. 6 ¶ 13.

[12]Oral Deposition of Tina Tientcheu, Exhibit A to Defendant's MSJ, Docket Entry No. 9-1, p. 7 lines 6-7. Plaintiff's Response attaches a Customer Incident Report that Plaintiff filled out after the fall and a photograph of the spill. Customer Incident Report, Exhibit 1 to Plaintiff's Response, Docket Entry No. 12-1; Photograph, Exhibit 2 to Plaintiff's Response, Docket Entry No. 12-2. But neither offers any details suggesting how long the liquid had been on the floor before Plaintiff's fall.

[13]Defendant's Reply, Docket Entry No. 13, pp. 3-4.

Under <u>Gonzalez,</u> Plaintiff's testimony cannot support an inference of how long the liquid had been on Defendant's floor. If evidence of dirt, foot prints, and cart tracks was insufficient as a matter of law to show constructive knowledge in <u>Gonzalez,</u> so is Plaintiff's testimony that the liquid had a trail. Because Plaintiff has "fail[ed] to make a showing sufficient to establish" actual or constructive knowledge, Plaintiff's premises liability claim fails as a matter of law. <u>See Celotex,</u> 106 S. Ct. at 2552. Defendant's MSJ will therefore be granted.

## **V. Conclusion and Order**

Plaintiff has not cited evidence that can support a finding under Texas law that Defendant had actual or constructive knowledge of the liquid on the floor of its store. Defendant's Motion for Summary Judgment (Docket Entry No. 9) is therefore **GRANTED,** and this case will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 25th day of April, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE